UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-24294-CIV-WILLIAMS

PABLO GUEVARA,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD.

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** is before the Court on the motion for summary judgment filed by Defendant NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line ("NCL") (DE 47), to which Plaintiff Pablo Guevara filed a response in opposition (DE 54), and NCL a reply.[1] (DE 60). The Court heard argument from counsel regarding the motion at the September 26, 2017 calendar call. For the reasons that follow, NCL's motion for summary judgment is **GRANTED**.

### I. BACKGROUND

This tort action arises from the injuries Plaintiff Pablo Guevara sustained while a passenger aboard NCL's cruise ship, the *Spirit*, on November 26, 2014. (Defendant's Statement of Material Facts ("DSMF"), DE 47 ¶ 1). According to Plaintiff's deposition testimony, at approximately 11:30 p.m., he was walking on an outdoor deck in search of the ship's cigar lounge when he walked up three wide steps to a landing that led to an

---

[1] Plaintiff also moved for partial summary judgment on NCL's affirmative defenses or, in the alternative, to strike them. (DE 46). Because none of the issues raised in Plaintiff's partial motion are relevant to the disposition of NCL's motion for summary judgment, the Court will not consider them here.

elevated section of the deck. (DE 66 ¶ 21; Deposition of Pablo Guevara ("Guevara Dep."), DE 47-1 at 59, 70; Plaintiff's Statement of Material Facts ("PSMF"), DE 62 ¶ 21). There was a seven-inch step down onto the elevated deck from the landing, which, according to his testimony, Plaintiff failed to perceive. (Guevara Dep., DE 47-1 at 74). When Plaintiff stepped down from the landing onto the elevated wooden deck, he slipped on a "sheen" of water on the deck's surface and fell. (*Id.* at 82-83, 119-20). He fractured his arm in the fall. (*Id.* at 134).

In the passenger statement form Plaintiff recorded shortly after the incident, he stated, "I was going down the step and because it was dark I didn't know there was another step. I missed it and my arm got caught between grab bar and rail; the steps were wet and slippery." (DE 62 ¶ 25; DE 62-2). Plaintiff also testified that, after he fell, he noticed that one of the lamps "right at the steps" where he fell was out. (DE 47-1 at 75). On this lamp post was a permanently affixed sign that warned, "ATTENTION! FOR YOUR SAFETY PLEASE USE THE HANDRAIL WATCH YOUR STEP". (DE 66 ¶ 27; DE 66-1 at 2).

There is no record of prior incidents of passengers tripping or falling on the step to the elevated deck, nor is there a record of passengers slipping on the decking material. (DSMF, DE 47 ¶ 13). There is also no record that NCL designed, manufactured, or installed the subject step, decking material, or lighting fixtures. (DSMF, DE 47 ¶ 14). There is no record that NCL failed to maintain or inspect the subject deck or lighting fixtures. (DSMF, DE 47 ¶ 15). In fact, NCL retained four electrical engineers who were responsible for inspecting the lighting on the *Spirit* at 8:00 a.m. and 7:00 or 8:00 p.m. each day. (Deposition of Jane Kilgour ("Kilgour Dep."), DE

60-4 at 58-59).[2] There is also no record evidence that NCL had notice that there was water on the deck of the landing. Further, there is no evidence that NCL created or installed the warning sign. Finally, there is no record evidence that NCL knew the light at the steps had gone out before Plaintiff's fall, although NCL fixed the light after Plaintiff fell. (Kilgour Dep., DE 60-2 at 55-58).

## II.  LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under the governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Any such dispute is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the Court considers the evidence in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A). The Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to

---

[2] Plaintiff simply denies that NCL maintained the subject lighting, but provides no record evidence for this assertion. In fact, Plaintiff's assertion that there was "no actual evidence that NCL regularly maintained the light" disregards the record. NCL's corporate representative testified that NCL had a practice of employing four electrical engineers who were responsible for checking the lighting on the *Spirit* at 8:00 a.m. and 7:00 p.m. or 8:00 p.m. each day during Plaintiff's stay. (Kilgour Dep., DE 60-4 at 58-59). Accordingly, Plaintiff insufficiently contests NCL's witness's testimony that it regularly maintained and checked the lighting. *See Black v. Kerzner Int'l Holdings Ltd.*, 958 F. Supp. 2d 1346, 1350 (S.D. Fla. 2013) (at summary judgment, factual assertions that are "insufficiently contested" are deemed admitted).

3

the nonmoving party, and must resolve all reasonable doubts about the facts in favor of the non-movant." *Rioux v. City of Atlanta*, 520 F.3d 1269, 1274 (11th Cir. 2008) (quotation marks and citations omitted). At the summary judgment stage, the Court's task is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

Claims arising from alleged tort actions aboard ships sailing in navigable waters are governed by general maritime law. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989). Under maritime law, a shipowner has a duty to exercise reasonable care to those aboard the vessel who are not members of the crew. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959). However, a shipowner "is not liable to passengers as an insurer, but only for its negligence." *Keefe*, 867 F.2d at 1322. A cruise line also has a "duty to warn passengers of dangers of which [it] knows or should know, but this duty extends only to those dangers which are not apparent and obvious to the passenger." *Lombardi v. NCL (Bahamas) Ltd.*, No. 15-cv-20966, 2016 WL 1429586, at *3 (S.D. Fla. Apr. 12, 2016), *appeal dismissed* (Aug. 19, 2016) (citations omitted). To prove negligence, Plaintiff must show: (1) that Defendant had a duty to protect Plaintiff from a particular injury; (2) that Defendant breached the duty; (3) that the breach was the actual and proximate cause of Plaintiff's injury; and (4) that Plaintiff suffered damages. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012).

A plaintiff bringing a maritime negligence claim against a cruise line must show that he was injured by a dangerous condition on the ship and that the cruise line either had "actual or constructive notice of the risk-creating condition." *Keefe*, 867 F.2d at

1322. Under maritime law, a shipowner has a duty to exercise reasonable care to those aboard the vessel who are not members of the crew. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959). A cruise line also has a "duty to warn passengers of dangers of which [it] knows or should know, but this duty extends only to those dangers which are not apparent and obvious to the passenger." *Lombardi v. NCL (Bahamas) Ltd.*, No. 15-cv-20966, 2016 WL 1429586, at *3 (S.D. Fla. Apr. 12, 2016), *appeal dismissed* (Aug. 19, 2016) (citations omitted). A condition is obvious (and therefore not dangerous) if a reasonable person can identify the condition through the "ordinary use of her senses." *Luby v. Carnival Cruise Lines, Inc.*, 633 F. Supp. 40, 42 (S.D. Fla. 1986). Importantly, the mere fact an accident occurs does not mean the accident's setting constituted a dangerous condition. *See Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006).

## III. DISCUSSION

In opposing NCL's motion for summary judgment, Plaintiff asserts two theories of NCL's negligence liability: duty to warn and negligent maintenance. Under the first theory, he contends that NCL failed to adequately warn him of the dangerous condition posed by the step and circumstances surrounding the step. (*Id.* at 2). Under his negligent maintenance theory, he argues that NCL committed negligence "by permitting the light to go out and remain out and not posting warning signs (or other more effective warnings such as yellow tape) that could be seen by passengers traveling from the direction that Mr. Guevara was traveling." (DE 62 at 13-14).

### A.   Plaintiff's Claims Fail Because He Cannot Prove Notice

Plaintiff argues that one or more of the following dangerous conditions caused his injury: "the unexpected change in elevation which could not be seen by Mr. Guevara given the nighttime conditions made even darker because one of the pedestal lights was out," and "the fact that the surface upon which he misstepped due to the unexpected change in elevation was wet and slippery." (DE 62 at 2). Unless he can prove that NCL had actual or constructive notice of an allegedly dangerous condition, Plaintiff cannot defeat summary judgment on his negligence claims. *Keefe*, 867 F.2d at 1322; *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358-59 (11th Cir. 1990) (requiring shipowner's actual or constructive notice of risk where passenger tripped over a protruding metal threshold cover for a fire door); *Pizzino v. NCL (Bahamas) LTD.*, No. 16-16812, 2017 WL 4162194 (11th Cir. Sept. 20, 2017) (reaffirming that *Keefe* and *Everett* require the cruise line to have notice of an allegedly dangerous condition before liability may be imposed).

Plaintiff has not created a genuine dispute of material fact regarding NCL's notice of the allegedly dangerous conditions. First, there is no record evidence that NCL had notice that the step from the landing to the deck was somehow dangerous. Plaintiff concedes that NCL did not design, manufacture, construct, or install the subject step or decking material. Plaintiff also does not dispute that there have been no prior injuries, accidents, or claims against NCL regarding a slip and fall occurring on the subject step or on a substantially similar step on another NCL ship for the three year period prior to Plaintiff's alleged incident.

Instead, Plaintiff argues that the presence of the warning sign alone is sufficient to create an issue of fact regarding NCL's notice of the dangerous step.[3] He relies solely on the fact that the warning sign is permanently affixed to the right-hand lamp post on the steps leading up to the landing and advised passengers: "ATTENTION! FOR YOUR SAFETY PLEASE USE THE HANDRAIL WATCH YOUR STEP".

This Court has previously observed that a warning sign may be evidence of the defendant's notice under certain circumstances, but not if the defendant is not responsible for the sign:[4]

> Courts in this district have generally found that a warning sign or warning label may be evidence that the defendant had actual or constructive notice of a dangerous condition. However, in all of these cases, the warning sign or label was considered evidence of a defendant's notice because the defendant itself was responsible for the warning. This is because the defendant's use of the warning created the logical inference that the defendant had prior knowledge of the dangerous condition necessitating the warning.

Lipkin v. Norwegian Cruise Line Ltd., 93 F. Supp. 3d 1311, 1322 (S.D. Fla. 2015) (concluding that warning sign affixed to moving walkway did not create "logical inference" that Norwegian had notice of allegedly dangerous condition on walkway

---

[3] The warning sign cannot demonstrate NCL's notice of the broken light or "sheen" of water that allegedly covered the surface of the deck when Plaintiff fell, as these conditions arose long after the sign was created.

[4] According to Plaintiff, NCL is responsible for the sign's placement—and, in turn, is on notice of the allegedly dangerous step—because NCL has owned and operated the ship for many years and "obviously" knows the sign exists. This argument is contrary to long-standing precedent in this Circuit that a cruise line is not on notice of all potentially dangerous conditions on the ship just by virtue of owning the ship. Everett v. Carnival Cruise Lines, 912 F.2d 1355 (11th Cir. 1990) (rejecting theory that "[the cruise line] should have known that there was a danger of passenger injury because it was the owner and operator of the ship[,]" because this "reasoning is circular and defeats the limitation [of notice] on the shipowner's liability imposed by Keefe."). Moreover, NCL's being aware of the sign does not equate to it having notice of a dangerous condition.

because "the undisputed evidence shows that the walkway manufacturer, not Norwegian, affixed the warning labels, and that Miami–Dade County, not Norwegian, was responsible for maintenance of the walkway.").

Plaintiff offers no evidence that NCL created or affixed the warning sign.[5] As a result, Plaintiff cannot create a "logical inference that [NCL] had prior knowledge of the dangerous condition necessitating the warning."  See Lipkin, 93 F. Supp. 3d at 1322. Indeed, Plaintiff fails to present any evidence of why the sign was posted, and he offers no other evidence that NCL had notice of a dangerous condition necessitating the sign. Therefore, the sign is insufficient to create a triable issue of fact regarding whether NCL had notice of the allegedly dangerous condition posed by the step.[6]

---

[5] While Plaintiff asserts in the argument section of his response brief that "NCL concedes that it posted a warning sign for the area," he does not include this assertion in his statement of material facts, nor does he cite any record evidence to establish this fact.  And during oral argument on this issue, Plaintiff acknowledged that NCL did not create or affix the sign.

[6] All of the cases that Plaintiff cites are distinguishable on their facts because in those cases the plaintiffs presented evidence that the cruise line created or posted the warning and that it had direct knowledge of the circumstances giving rise to the warning. Cf. Sorrels v. NCL (Bahamas), Inc., 796 F.3d 1275, 1281 (11th Cir. 2015) (plaintiff who slipped and fell on wet pool deck after it rained presented testimony from two NCL employees that NCL placed portable warning signs advising passengers that deck was "slippery when wet – including after it rained – was sufficient to create issue of cruise line's notice); Frasca v. NCL (Bahamas), Inc., 654 F. App'x 949, 953 (11th Cir. 2016) (unpublished) (fact that cruise line created and displayed warning video to passengers advising them that "outside decks will get wet from salt spray and sea air *and can become very slippery*" sufficient to create fact issue regarding notice) (emphasis original); Villa v. Carnival Corp., No. 15-cv-23413, 2016 WL 6211032, at *3-4 (S.D. Fla. 2016) (finding issues of fact regarding notice and whether cruise ship created the condition where plaintiff, who slipped and fell in men's bathroom, presented evidence cruise line employee cleaned bathroom 20-30 minutes before plaintiff's fall, and employee may have departed from cruise line procedure that he post a portable warning sign); Merideth v. Carnival Corp., 49 F. Supp. 3d 1090, 1093-94 (S.D. Fla. 2014) (triable issue of fact on notice where plaintiff presented evidence that cruise ship placed warning cones in area where plaintiff slipped and testimony from a ship

The language of the warning sign also supports the conclusion that the sign does not demonstrate NCL's notice of a dangerous condition. The warning sign generically advises passengers to "hold the handrail" and "watch your step" as they climb the three steps to the landing. It does not warn of a potential danger associated with the small step[7] from the landing to the deck, nor does it warn that the deck may be slippery. Plaintiff's argument[8] that a general "watch your step" warning is sufficient to establish notice of all dangerous conditions associated with an area is contrary to law and was rejected in *Taiariol v. MSC Crociere S.A.*, No. 16-12357, 677 Fed. Appx. 599, 602 (11th Cir. Jan. 27, 2017), where the Eleventh Circuit held:

> [T]he "watch your step" sticker on the step does not raise an issue of fact as to whether the defendant had notice of the nosing's slippery condition. Common sense dictates that the sticker served to caution persons on the ship that the step was there; that is, it warned passengers that the surface

---

employee that condensation build up was a frequent issue); *Harnesk v. Carnival Cruise Lines, Inc.*, No. 87-2328-CIV, 1991 WL 329584, at *3 (S.D. Fla. 1991) (following a bench trial, court determined that plaintiff proved actual notice of dangerous slippery condition because cruise line installed two warning strips on step into bathroom where plaintiff tripped and fell).

[7] The handrail ends before the subject step from the landing to the deck, so the warning that passengers should "hold the handrail" could not apply to this step, as there is no handrail to hold.

[8] The cases Plaintiff relies on are inapposite because in those cases the warnings were sufficiently particular to the dangerous condition that caused the injury to demonstrate that the cruise line had notice of the dangerous condition. *Sorrels v. NCL (Bahamas), Inc.*, 796 F.3d 1275, 1281 (11th Cir. 2015) (portable "slippery when wet" warnings demonstrated that cruise line knew flooring was slippery when wet); *Frasca v. NCL (Bahamas), Inc.*, 654 F. App'x 949, 953 (11th Cir. 2016) (unpublished) (cruise line's video specifically warned that "outside decks will get wet from salt spray and sea air *and can become very slippery*") (emphasis original); *Villa v. Carnival Corp.*, No. 15-cv-23413, 2016 WL 6211032, at *3-4 (S.D. Fla. 2016) (finding triable issue of whether cruise line employee failed to put portable "slippery when wet" in men's bathroom after cleaning it, which would have departed from cruise line procedures); *Merideth v. Carnival Corp.*, 49 F. Supp. 3d 1090, 1093-94 (S.D. Fla. 2014) (evidence that cruise line may have put warning cones in the area of plaintiff's slip and fall).

9

> was not flat. There is no evidence that it was intended to warn passengers that the nosing may be slippery. Even viewed in the light most favorable to Taiariol, we cannot see how that sticker provides any evidence that the defendant had notice that the step's nosing was dangerously slippery.

The warning sign, at most, demonstrates that NCL had notice that there are steps in this area of the ship. But mere notice of the existence of steps, without any evidence that NCL had notice that the steps are dangerous, is insufficient to defeat summary judgment on the issue of notice: "The inquiry is not whether the defendant had notice of an object or its physical specifications, but instead, whether the defendant had notice of a risk-creating condition." *Id.*

Plaintiff's counsel insisted during oral argument that every warning sign on a ship—regardless of who created or installed it and "no matter what form it is in"—automatically establishes a cruise line's notice of potentially dangerous conditions in the vicinity of the warning. Accepting this argument would abrogate the long recognized requirement of establishing actual or constructive notice before liability can attach, and instead make a defendant vessel operator an insurer of its passengers' safety. *See Zygarlowski v. Royal Caribbean Cruises Ltd.*, No. 11-21340, 2013 WL 12059607 (S.D. Fla. Feb. 25, 2013) ("Taking Plaintiff's theory as true, *any* warning would potentially indicate that a defendant was on notice of an unreasonably dangerous condition. Neither the law nor the public policy in favor of having appropriate warnings support this result."). For all these reasons, the warning sign does not create a triable issue of fact regarding NCL's notice of the allegedly dangerous conditions.

Plaintiff has also not presented any evidence that NCL had notice (actual or constructive) that the pedestal light was off. Indeed, Plaintiff's response in opposition to NCL's motion for summary judgment does not argue that NCL had notice of the light

10

being out. During oral argument on this issue, however, Plaintiff argued that NCL had constructive notice of the light not working because assuming the light was checked at 7:00 or 8:00 p.m. per NCL's normal practices, the light could theoretically have been out for up to four-and-a-half hours before Plaintiff fell. This argument fails because the possibility that the light *could* have been out for approximately four hours is not evidence of when the light *actually* went out;[9] there is simply no record evidence on this issue. Moreover, regardless of precisely when the light went out, Plaintiff has not offered any evidence that NCL knew or should have known that this light was off or broken.[10] Finally, Plaintiff has not argued—in its response in opposition to summary judgment or during oral argument—that NCL had notice of water on the deck where Plaintiff fell. Accordingly, Plaintiff has failed to create a triable issue of fact regarding whether NCL had notice of the allegedly dangerous conditions.

Relying on *Rockey v. Royal Caribbean Cruises, Ltd.*, No. 99-cv-708, 2001 WL 420993, at *4 (S.D. Fla. Feb. 20, 2001), Plaintiff next argues that he is not required to prove notice because NCL created the dangerous conditions. (DE 62 at 12). In *Rockey,* the district court relied on Florida law to conclude that a plaintiff need not prove notice to show negligence when the defendant creates the dangerous condition. Following *Rockey*, numerous district courts have adopted and applied this theory in a variety of contexts where the cruise line either designed, manufactured, or affirmatively

---

[9] This case is therefore distinguishable from *Thomas v. NCL (Bahamas), Ltd.*, 203 F. Supp. 3d 1189, 1193 (S.D. Fla. 2016), where the Plaintiff provided affirmative evidence that the gooey puddle causing him to slip had existed for at least fifteen minutes. Here, Plaintiff provides nothing but speculation regarding when the light went out.

[10] The Court declines Plaintiff's invitation to hold that a cruise line must check all of its outdoor lights every fifteen minutes when it is dark.

11

created or maintained a condition that was unsafe or foreseeably hazardous. *See e.g., McQuillan v. NCL (Bahamas) Ltd.*, No. 14-cv-23823, 2015 WL 7294828 (S.D. Fla. Nov. 19, 2015); *Holderbaum v. Carnival Corp.*, 87 F. Supp. 3d 1345, 1358 (S.D. Fla. Feb. 19, 2015); *Whelan v. Royal Caribbean Cruises, Ltd.*, No. 12-cv-22481, 2013 WL 5583970, at *4 (S.D. Fla. Aug. 14, 2013). Plaintiff cites *Rockey* and its progeny to argue that he need not prove notice because NCL "created the dangerous condition; e.g., by permitting the light to go out and remain out and not posting warning signs (or other more effective warnings such as yellow tape) that could be seen by passengers traveling from the direction that Mr. Guevara was traveling." (DE 62 at 13-14).

Plaintiff's argument fails based on the recent decision in *Pizzino v. NCL (Bahamas) LTD.*, No. 16-16812, 2017 WL 4162194, *2-4 (11th Cir. Sept. 20, 2017),[11] where the Eleventh Circuit squarely rejected the liability theory espoused in *Rockey* and reaffirmed that a maritime negligence plaintiff must establish the cruise line's notice of an allegedly dangerous condition. *Id.* ("[W]e have no trouble concluding that *Rockey* and its progeny were wrongly decided"). To defeat summary judgment, Plaintiff is thus required to raise a genuine issue of material fact regarding NCL's actual or constructive notice of the allegedly dangerous conditions. He has failed to do so.[12]

---

[11] Although Plaintiff notes that *Pizzino* is an unpublished opinion, the Court finds it is on point and persuasive here.

[12] Plaintiff's claims would fail even if *Rockey* and those cases citing it with approval were still followed after *Pizzino*, because the facts of those cases are distinguishable from the record here. Plaintiff has presented no evidence that NCL designed, installed, maintained or otherwise "created" the allegedly dangerous condition presented by the step or lighting. *Cf. McQuillan*, 2015 WL 7294828, at *3 (cruise line stored luggage around step); *Whelan*, 2013 WL 5583970, at *4 (cruise line participated in designing the ship, including the subject step); *Rockey*, 2001 WL 420993, at *4 (cruise line placed and secured the bingo board). Moreover, Plaintiff's argument that NCL created a dangerous

12

Finally, Plaintiff offers a one-sentence argument that "constructive notice can also be shown through the failure of the vessel to meet either the company's own safety regulations or industry standards."[13] (DE 60 at 12). Plaintiff fails to explain, however, which "safety regulations or industry standards" were not met, and how the failure to meet those standards shows NCL's constructive notice of the dangerous condition alleged here. *See* (*Id.*). As discussed, there is no record that NCL designed, manufactured, or installed the subject step, decking material, or lighting fixtures. To the extent Plaintiff argues that NCL is automatically on notice of all conditions on its ship that fail to meet applicable regulations or standards, this argument is contrary to well-

---

condition by failing to post proper warning signs confuses the issues. If Plaintiff's theory is that NCL "created" the risk of the step by failing to adequately warn passengers of the step, then he is advancing a classic duty to warn claim, not a claim that NCL "created" the dangerous condition. Finally, the decision in *Cosmo v. Carnival Corp.*, 2017 WL 4142674 (S.D. Fla. Sept. 16, 2017), which Plaintiff recently submitted to the Court in a notice of supplemental authority (DE 141-1), is easily distinguishable. The plaintiff in *Cosmo* demonstrated the defendant's notice of the dangerous condition because: at least twenty-nine other similar slip and fall incidents had occurred in the area in question; evidence showed that the puddle which caused plaintiff's fall was substantial in size and likely existed for a long period of time, creating the inference that the cruise line knew or should have known of its existence; the defendant's own witnesses had stated that they knew this area of the pool deck became wet and slippery; and the cruise line was aware of a prior incident where a passenger had slipped in the same area while playing the same game hosted by the cruise line that the plaintiff was playing when he slipped. *Id.* at *4-6. Here, Plaintiff has presented no such evidence of notice.

[13] A passing reference to an argument in a brief, without any record support, is insufficient to raise an issue for consideration by the Court. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) (per curiam) ("[S]imply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal."); *Kelliher v. Veneman*, 313 F.3d 1270, 1274 n. 3 (11th Cir. 2002) (stating that because the appellant "only mentioned his EEOC retaliation claim in the summary of the argument in his initial brief" and "made no arguments on the merits as to this issue, the issue is deemed waived"); *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (stating that passing references are insufficient to raise issues for appeal and such issues are deemed abandoned). Moreover, Plaintiff did not argue this point at the approximately ninety-minute oral argument on NCL's motion for summary judgment.

13

settled law in this Circuit that the cruise line must have notice of the dangerous condition before liability can be imposed. *Everett*, 912 F.2d at 1359-59.

Accordingly, the Court finds that Plaintiff has failed to create a triable issue of fact regarding NCL's actual or constructive notice of the allegedly dangerous conditions. NCL's motion for summary judgment is therefore **GRANTED**.[14]

### B. Plaintiff Has Also Failed to Present Any Evidence of Negligent Maintenance

Plaintiff offers no evidence that NCL negligently inspected or negligently maintained the lighting.[15]  Indeed, the only record evidence regarding NCL's maintenance of the lights is that NCL employed four engineers on the *Spirit* whose practice was to inspect the lighting on the ship twice each day, morning and evening.[16] *Cf. Holderbaum*, 87 F. Supp. 3d at 1358 (no routine inspection of rugs in violation of industry-recommended norms); *Lancaster*, 85 F. Supp. 3d at 1346 (cruise line permitted

---

[14] Because Plaintiff fails to raise a genuine issue of material fact regarding NCL's notice of the allegedly dangerous conditions, the Court need not decide whether Plaintiff has demonstrated the existence of a dangerous condition(s) that is not open and obvious. *Taiariol v. MSC Crociere S.A.*, No. 16-12357, 677 Fed. Appx. 599, 602 (11th Cir. Jan. 27, 2017) (holding that even if allegedly dangerous condition were not open and obvious, summary judgment was still warranted because plaintiff did not present evidence that defendant had notice of any risk-creating condition).

[15] Plaintiff does not argue in his briefing that NCL negligently maintained the deck surface. In any event, he presents no evidence that NCL designed, manufactured, or installed the deck or that NCL failed to inspect and maintain it in some way. This argument is therefore foreclosed.

[16] Nor does Plaintiff's expert, Dr. Ronald F. Zollo, provide any relevant opinion regarding NCL's maintenance of the lights in this case, NCL's practices in inspecting lights on the *Spirit*, or how its practices differ from industry norms. (DE 61-1). Instead, Dr. Zollo offers the somewhat circular opinion that NCL failed to maintain adequate lighting by failing to design or install adequate lighting (DE 61-1 at 8-9), even though Plaintiff concedes that he "is not alleging negligent design or construction, but rather negligent maintenance." (DE 62 at 2).

14

overcrowding in corridor during debarkation without implementing any process or procedure). Accordingly, NCL has failed to create a triable issue of fact regarding NCL's maintenance of the lighting or deck (or of any other allegedly dangerous area). Thus, NCL's motion for summary judgment on this basis is **GRANTED.**

## IV.    CONCLUSION

For these reasons, NCL's motion for summary judgment (DE 47) is **GRANTED.**[17] All pending deadlines, hearings, calendar calls and trial settings are **CANCELED**, and all pending motions are **DENIED** as moot. The Court will enter final summary judgment separately pursuant to Rule 58 of the Federal Rules of Civil Procedure.

---

[17] Assuming they are admissible, the opinions of Plaintiff's expert, Dr. Zollo, do not create any issue of material fact sufficient to defeat summary judgment. Plaintiff cites Dr. Zollo's opinions only three times in his response in opposition to summary judgment. The first reference is to Dr. Zollo's deposition testimony that certain standards he relied on to opine that the subject step and lighting fixtures constituted dangerous conditions are or should be applicable to the maritime industry. (DE 62 ¶ 16). The second reference is to Dr. Zollo's deposition testimony regarding certain sources and data that he reviewed in rendering his opinion in this case. (DE 62 ¶ 17). This deposition testimony has no relevance to NCL's notice of a dangerous condition or to NCL's alleged negligent maintenance of the step, lighting, or deck. The final citation is to Section 3.12.1 of Dr. Zollo's supplemental report (DE 62-6), which opines that "it is likely that [the warning sign at issue] would not have been seen and properly interpreted [by Plaintiff] in a timely manner," and suggests (without explicitly stating) that the warning was also not specific enough to the alleged hazard. (DE 62 ¶ 30). The opinions in Section 3.12.1 are also irrelevant to the issues of notice and negligent maintenance. Although the Court believes none of the opinions offered by Dr. Zollo create a genuine issue of material fact on these issues, Plaintiff has also waived any argument based on record evidence, including the opinions of Dr. Zollo, which he did not specifically cite in opposition to summary judgment. *See* S.D. Fla. L. R. 56.1(a); *see also Libel v. Adventure Lands of America, Inc.*, 482 F.3d 1028, 1032 (8th Cir. 2007) ("Courts have neither the duty nor the time to investigate the record in search of an unidentified genuine issue of material fact to support a claim or defense.").

**DONE AND ORDERED** in chambers in Miami, Florida, this 29 day of September, 2017.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE